6581

### AMERICAN SEEDING MACHINE CO. v. COMMANDER.

TRUST FUNDS—ORDER TO PAY OVER.—On a simple money judgment by default on a complaint alleging defendant was trustee for plaintiff and had in his possession trust funds which he refused to turn over, the prayer asking that defendant may be ordered by Court to pay the funds to plaintiff, a succeeding Circuit Judge has no power on petition for plaintiff, to order defendant to turn over the funds to plaintiff or to deposit same in Court without notice to defendant and finding that funds were in his possession on date of order.

Before GAGE, J., Florence, June, 1906.   Reversed.

Action by American Seeding Machine Co. against R. C. Commander. From order requiring defendant to pay over trust funds, he appeals.

*Messrs. J. P. McNeill* and *S. W. G. Ship,* for appellant, cite. *Order should not have been granted without notice:* Rule C. C., 57; 7 S. C., 235, 77; 28 S. C., 56; Code of Proc., 265, sub. 11. *Judge Watts should not have given judgment without jury:* Code of Proc., 267, sub. 1; 50 S. C., 497.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* contra, cite: *Order is not appealable:* 8 Ency. P. & P., 457, 459; 38 S. C., 556; 52 S. C., 305; 65 S. C., 129; 50 S. C., 497. *Defendant not entitled to notice of application for order:* 8 Ency., 376; 21 S. C., 338; Code of Proc., 265, sub. 11; 6 Ency. P. & P., 115. *Sum sued on was a liquidated demand:* 14 Rich., 14. *This is a collateral attack on judgment, and cannot be sustained:* 46 S. C., 490; 56 S. C., 4.

July 10, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. The complaint alleges that on or about the 13th of February, 1903, the Empire Drill Co. and the defendant, R. C. Commander, entered into an agreement in writing, whereby the defendant was employed to sell grain drills, &c., for it on commission. The Empire Drill Co. placed in his hands eighteen disc drills, of the value of $1,080, which were held by him in trust for said company. That he neglected and refused to perform his part of the contract, and, on the contrary, converted the property to his own use. That of the eighteen disc drills, he has accounted for all, except the sum of $229.52, which amount he has failed and refuses to account for, or to pay over to the plaintiff. That about the 9th of March, 1903, the Empire Drill Co. assigned its interest in the said contract to this plaintiff. The prayer of the complaint was as follows: "Wherefore, plaintiff demands judgment against the defendant, R. C.

Commander, in the sum of two hundred twenty-nine and 52-100 dollars ($229.52), with interest thereon from the first day of November, 1903; that the said R. C. Commander may be ordered by this Court to turn over to the plaintiff, or its order, the said amount of money, with interest thereon, and for such other and further relief as may be just."

The defendant failed to answer the complaint. The case came on for hearing before his Honor, Judge Watts, at the November (1905) term of Court, who indorsed the following order upon the complaint: "Let the plaintiff, the American Seeding Machine Co., have judgment against the defendant, R. C. Commander, in the sum of two hundred sixty-two and 45-100 dollars," whereupon judgment was entered on the 13th of December, 1905. During the June term, 1906, to wit: on the 21st June, the plaintiff presented a petition, which in addition to the facts set out in the complaint, alleged:

"That on a summons and complaint, alleging the facts above set out, served on the said R. C. Commander in a suit of the said American Seeding Machine Company, on the 18th day of September, 1905, judgment was taken by default for the sum of two hundred sixty-two and 45-100 ($262.45) dollars on November 25th, 1905.

"That the said R. C. Commander has never turned over the trust funds, so ordered to be turned over in said judgment, although repeated demands have been made of him.

"That by section 265, subdivision 11 of the Code of Civil Procedure, 1902, it is provided: 'When it is admitted by the pleading or examination of a party that he has in his possession, or under his control, any money or other things capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, the Court may order the same to be deposited in Court, or delivered to such party, with or without security, subject to the direction of the Court. Whenever, in the exercise of its authority, a Circuit Court shall have ordered the deposit, or conveyance of money or other porperty and the order is disobeyed, the

Court besides punishing the disobedience as for contempt, may make an order requiring the sheriff or constable to take the money or property, and deposit, deliver or convey it, in conformity with the direction of the Court.' "

The petitioner then prayed for the relief granted in the order hereinafter set out.

Upon hearing the petition, his Honor, Judge Gage, granted an order, "that R. C. Commander do forthwith pay the American Seeding Company, or its attorneys, the sum of two hundred sixty-two and 45-100 ($262.45) dollars, with interest from the 25th day of November, 1905, within thirty days from the date of this order; and leave is hereby granted petitioner to apply at the foot of this order for any further relief demanded.

"Let a copy of this order be forthwith served on the said R. C. Commander."

The defendant appealed upon the following exceptions:

1. "Because his Honor, Judge Gage, erred in granting the order of June 21st, 1906, directing defendant to forthwith pay the American Seeding Machine Company two hundred and sixty-two and 45-100 dollars, with interest from the 25th day of November, 1905, within thirty days from the date of the order, when it appeared that the petition for said order was not served on defendant, and that defendant had no notice of said application.

2. "Because it was error to grant said order on the *ex parte* application of plaintiff, since said order affected substantial legal rights of defendant, and defendant was entitled to notice of the application for the said order.

3. "Because his Honor was without authority to grant said order, because the same was unauthorized by the order for judgment previously granted by Judge Watts.

4. "Because the judgment rendered by Judge Watts was purely a money judgment, and it was error in Judge Gage, at a subsequent term of Court, to require the defendant to pay said judgment within a specified time.

5. "Because the order and judgment of Judge Watts did not find as a matter of fact that defendant was in possession of trust funds belonging to plaintiff, and it was error in Judge Gage at a subsequent term of Court, to add to and to modify the judgment of Judge Watts and to adjudge that the defendant was in possession of trust funds belonging to plaintiffs—there being no evidence to sustain said finding and said petition being unverified."

The sixth exception was abandoned.

The petition erroneously assumes that Judge Watts ordered the trust funds turned over to the plaintiff. The judgment rendered by Judge Watts was simply for a certain amount of money, but did not order the disc drills or the proceeds arising from the sale thereof, to be deposited in Court or delivered to the plaintiff.

Conceding that Judge Watts would have had the power to make such an order, it by no means follows that Judge Gage had such right, without notice to the defendant. Even if the defendant admitted by his pleadings that he had the property in his possession, when the order was signed by Judge Watts, he may not have had it in his possession at the time of Judge Gage's order. The statute is only applicable to the state of facts existing when the order is granted, and the defendant was entitled to notice, in order that he might have the opportunity of showing that he did not then have the property or money in his possession.

It is the judgment of this Court that the order of the Circuit Court be reversed.